# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROSS DRESS FOR LESS, INC.**, | Case No. 3:14-cv-1971-SI |
| Plaintiff, | **OPINION AND ORDER ON MOTIONS *IN LIMINE*** |
| v. | |
| **MAKARIOS-OREGON, LLC**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Ross Dress for Less, Inc. ("Ross") and Defendant Makarios-Oregon, LLC ("Makarios") have each moved *in limine* to preclude certain evidence or arguments at trial. After the Court sent the parties the Court's tentative order, the parties conferred and agreed that there is no need for a hearing. The Court grants in part and denies in part the pending motions *in limine* (ECF 299 and ECF 304) and strikes the hearing scheduled for July 17, 2019, at 1:30 p.m. (ECF 312).

**A. Makarios' Motions *in Limine* (ECF 299)**

    **1. Post-Lease Conduct and the Doctrine of Economic Waste**

Makarios asserts that evidence of the parties' post-lease conduct should be excluded, including Makarios' efforts to market the Richmond Building, Makarios' sale of that building,

Mortensen Construction's subsequent sale of the building, and the new owner's plans for work on the building. Makarios argues that this evidence is not relevant to any claim or defense in the action.

Ross responds that this evidence is relevant to the proper measure of damages, including the doctrine of economic waste. In this case, Makarios asserts that Ross should have spent approximately $4 million on building separation and repair work before returning the leased premises. Ross, however, maintains that post-lease evidence will show that the work suggested by Makarios would have added no value to the building and thus would not be a prudent remedy. *See Montara Owners Ass'n v. La Noue Dev., LLC*, 357 Or. 333, ___ (2015) ("Oregon courts use an alternative measure of damages—the diminution in the market value of the property—when the cost of repair is not 'the prudent remedy to apply' because that remedy would create 'economic waste.'"); *San Nicolas v. United States*, 223 Ct. Cl. 223, 229 (1980) ("Damages measured by the cost of restoration generally are adequate to place a plaintiff in the position he would have been in had the lease contract not been breached. In order to avoid windfall recoveries, however, the measure of plaintiff's damage is not the cost of restoration where such cost exceeds the diminution in market value of the premises. A plaintiff is not permitted to recover damages that exceed the diminution in fair market value that was caused by defendant's nonperformance."). Thus, Ross concludes, post-lease evidence is relevant to show that the cost of the work Makarios demands exceeds the diminution in fair market value resulting from not performing the disputed work, precluding Markarios' recovery under the doctrine of economic waste.

Makarios responds that the doctrine of economic waste does not apply in this case. Instead, Makarios argues, the doctrine of economic waste only applies in tort cases or

construction contract cases in which the defendant has substantially performed under the contract. Makarios, however, does not cite any Oregon caselaw that expressly supports this proposition. In fact, the Oregon case that Makarios cites states that generally "the rule in Oregon is that the cost of replacement or repair is the correct measure of damage for defects in work unless that remedy generates undue economic waste." *Beik v. Am. Plaza Co.*, 280 Or. 547, 555 (1977). In contrast, Ross cites the Oregon Supreme Court's decision in *Montara*, which notes that "[o]ne of the leading cases on economic waste arose from the breach of a lease contract requiring a lessee to regrade a family farm at the conclusion of a mining lease term." 357 Or. at 349. Thus, because post-lease evidence is relevant to Ross's argument of economic waste, the Court denies Makarios' first motion *in limine*.[1]

### 2. The State Court FED Action

In May 2015, Makarios filed in state court a forcible entry and detainer ("FED") action against Ross. In its FED complaint, Makarios alleged that Ross breached its obligation to maintain the leased premises in good order and repair, as required by § 7.01 of the 1956 Richmond Lease. On July 29, 2015, the state court denied Makarios' FED claim. Makarios now asserts that the state court's ruling at trial should be precluded because this Court has already twice rejected Ross's attempt to rely on the state court's FED decision. Makarios argues that the FED ruling is not relevant for any purpose at trial in the pending federal lawsuit and also is inadmissible hearsay.

---

[1] Ross makes two additional arguments for why post-lease evidence should be admitted. First, Ross argues that post-lease evidence is relevant to prove that Makarios failed to mitigate damages. Second, Ross maintains that such evidence is relevant to show that the building was in good order upon Ross' surrender. The Court does not reach either of these arguments because post-lease evidence is relevant under the doctrine of economic waste.

Ross responds that it seeks to introduce the FED ruling "for a narrow, defined purpose: the FED ruling is relevant to establish issue preclusion as to the condition of, and Ross's maintenance of, the Richmond Building's vacant floors, elevators, staircases, roof, building envelope, windows, and spalling as of July 25, 2015 or earlier." ECF 309 (emphasis in original). Ross argues that this limited purpose has not previously been addressed by the Court. The Court's prior rulings about the FED opinion concerned (1) issue preclusion of Ross's surrender obligations under the lease (*see* ECF 99) and (2) the doctrine of election of remedies (*see* ECF 213). The Court previously held that issue preclusion did not apply to the question of end-of-lease surrender obligations and that the doctrine of election of remedies did not apply in this federal lawsuit. In addition, "[i]ssue preclusion arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding" and the issue in the two proceedings are identical. *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 103-04 (1993). The condition of certain parts of the Richmond Building as of July 25, 2015 is not identical to the issue of ultimate fact in this case, namely the condition of the building at the termination of the lease in September 2016. The Court recognizes, however, that the condition of certain parts of the Richmond Building as of July 25, 2015 may have some tendency to prove the condition of that building as of the termination of the lease.

Makarios also argues that the FED ruling is inadmissible hearsay, citing *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007). In that case, the Ninth Circuit held in relevant part:

> [T]he introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay. The concern about evidence that is neither based on personal knowledge nor subject to cross-examination, which explains an ultimate judgment's treatment as hearsay, is even more pronounced when dealing with statements that recapitulate in detail others' testimony and declarations. We therefore agree with the Fourth, Tenth, and

> Eleventh Circuits that judicial findings of facts are hearsay, inadmissible to prove the truth of the findings unless a specific hearsay exception exists.

*Id.* In *Sine*, however, the Ninth Circuit did not address Rule 807 of the Federal Rules of Evidence, which is the residual exception to the rule against hearsay. The Court, therefore, denies Makarios's motion *in limine* but reserves ruling on the admissibility of the FED decision. If and when Ross offers that decision in evidence and Makarios objects, the parties may address whether the residual exception to hearsay applies and is one of the "specific hearsay exception[s]" that *Sine* allows.

**B. Ross' Motions *in Limine* (ECF 304)**

   **1. Condition of the Richmond Building as of July 25, 2015**

Ross argues that Makarios is bound by the determination [of the FED court] that as of July 25, 2015, Ross had not failed to maintain the condition of the Richmond Building's vacant floors, elevators, staircases, roof, building envelope, windows, and spalling and, therefore, may not litigate this issue due to issue preclusion. This is essentially the same argument that Ross made in response to Makarios' second motion *in limine*. The Court denies Ross' first motion for the reasons previously discussed.

   **2. "Lost Opportunity" and Other Disavowed Damages**

Makarios concedes that it seeks only compensatory damages. This motion, therefore, is moot.

   **3. Evidence or Argument Inconsistent with Prior Rulings**

Makarios concedes that it does not intend to offer any evidence or argument inconsistent with the Court's prior rulings. This motion, therefore, is moot.

## CONCLUSION

The Court grants in part and denies in part the pending motions *in limine* (ECF 299 and ECF 304) as stated in this Opinion and Order and strikes the hearing scheduled for July 17, 2019, at 1:30 p.m. (ECF 312).

**IT IS SO ORDERED**.

DATED this 16th day of July, 2019.

> */s/ Michael H. Simon*
> Michael H. Simon
> United States District Judge