# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROSS DRESS FOR LESS, INC.,** | Case No. 3:14-cv-1971-SI |
| Plaintiff and Counterclaim-Defendant, | **ORDER** |
| v. | |
| **MAKARIOS-OREGON, LLC; CHARLES W. CALOMIRIS; KATHERINE CALOMIRIS TOMPROS; and JENNIFER CALOMIRIS**, | |
| Defendants and Counterclaim-Plaintiffs. | |

Gregory D. Call, Tracy E. Reichmuth, and Maria N. Sokova, CROWELL & MORING LLP, 3 Embarcadero Center, 26th Floor, San Francisco, CA 94111; Joel A. Parker, Rebecca A. Boyette, and Jessica Schuh, SCHWABE WILLIAMSON & WYATT PC, 1211 SW Fifth Avenue, Suite 1600, Portland, OR 97204. Of Attorneys for Plaintiff and Counterclaim Defendant.

Jeffrey M. Edelson, Molly K. Honoré, Paul S. Bierly, and Vivek A. Kothari, MARKOWITZ HERBOLD PC, 1455 SW Broadway, Suite 1900, Portland, OR 97201. Of Attorneys for Defendants and Counterclaim Plaintiffs.

**Michael H. Simon, District Judge.**

This lawsuit involves a dispute over the contractual obligations of a commercial tenant after the expiration of two leases, each spanning more than 50 years, with two landlords for two adjacent and partially conjoined buildings in downtown Portland, Oregon. Before the leases

expired on September 30, 2016, the successor tenant (*i.e*, the lessee), filed this action, seeking declaratory relief regarding its end-of-lease obligations, and the successor lessors filed counterclaims, also seeking declaratory relief. After bifurcating the case, the Court held a bench trial on the parties' respective claims for declaratory relief. That was Phase I. The Court issued its Phase I ruling on June 10, 2016, partially granting and partially denying the claims for declaratory relief sought by the tenant and the two landlords (*i.e*., the lessors). ECF 213.

After the leases expired on September 30, 2016, the lessee surrendered the premises. The two lessors then filed supplemental counterclaims for damages, alleging that the lessee failed to comply with its end-of-lease obligations. The lessors sought money damages for breach of lease. That was Phase II. The lessee, Ross Dress for Less, Inc. (Ross), eventually settled with one of the lessors (Walker Place, LLC) but not with the other, Makarios-Oregon, LLC (Makarios). Makarios was the lessor of the building known as the "Richmond Building." Charles W. Calomiris, Katherine Calomiris Tompros, and Jennifer Calomiris (the Calomiris Family) are affiliated with Makarios, and they joined the lawsuit in Phase II.

After the Court issued its Phase I Findings of Fact and Conclusions of Law, the parties engaged in additional discovery and motion practice relating to Phase II issues. This culminated in a second bench trial. The Court issued its Phase II Findings of Fact and Conclusions of Law on January 8, 2021. ECF 354. The Court found in favor of Makarios and awarded money damages in the amount of $2,931,829. The Court also entered Judgment in favor of Makarios. ECF 355.

On March 31, 2021, Makarios and the Calomiris Family filed a motion for attorney's fees and costs, seeking $3,321,970. ECF 383. Also on that date, Ross filed a motion seeking to recover its own attorney's fees and costs in the amount of $4,905,000. ECF 388. Both sides base

their respective motions on the same provision in the Richmond Building's lease. Both sides

agree that Oregon law governs their respective claims for attorney's fees.

Before the district court ruled on the cross-motions for fees and costs, Ross appealed the

district court's Judgmen , and Makarios cross-appealed. In a published decision affirming this

Court, the Ninth Circuit held that under Oregon law, the counterclaims filed by the landlord

constituted a "judicial proceeding" within the meaning of the lease provision stating that the

tenant waived its right to a jury trial in all judicial proceedings instituted by the landlord. *Ross*

*Dress for Less, Inc. v. Makarios-Oregon, LLC*, 39 F.4th 1113 (9th Cir. 2022). The Ninth Circuit

also held that Ross could not rely on the Makarios's demand for a jury trial and, thus, Makarios,

could unilaterally withdraw its demand. *Id*.

Further, in an unpublished decision issued the same day, the Ninth Circuit affirmed many

but not all the other rulings made by this Court. *Ross Dress for Less, Inc. v. Makarios-Oregon*,

LLC, No. 21-35106, 2022 WL 2643376 (9th Cir. July 8, 2022) (affirming in part and reversing

and remanding in part). The Ninth Circuit affirmed this Court's rulings in favor of Makarios on

all arguments raised by Ross. In the cross-appeal filed by Makarios, however, the Ninth Circuit

affirmed only two of the Court's rulings that Makarios challenged on appeal. The Ninth Circuit

reversed and remanded one ruling, and that issue is now before this Court. As the Ninth Circuit

explained:

> Last, Makarios challenges the district court's ruling that a
> reasonable and prudent landlord would not spend $450,000 to
> install a second freight elevator, $340,000 to repair the plumbing
> on the upper floors, and $274,420 to repair the air conditioning on
> the third floor. Makarios argues Oregon's version of the economic
> waste doctrine does not impose a reasonableness burden on the
> landlord.
>
> The district court's explanation for these line items of costs is
> subject to more than one interpretation. On one hand, the district
> court unequivocally expressed that it was not relying on the

economic waste doctrine, but a footnote in its order suggests that it may have used the language of the economic waste doctrine to fault Makarios for not proving that a reasonable and prudent landlord would make certain repairs. On the other hand, the district court may have intended to rely upon the general burden Makarios bore as counter-plaintiff, to come forward with the costs of repair Ross owed pursuant to its end-of-lease obligations. A landlord's burden to recover end-of-lease damages includes "showing the specific item of damage and the reasonable costs of repairing the items of damage that are within the scope of the tenant's covenant." Milton R. Friedman, 6 FRIEDMAN ON LEASES § 18:1 at 18–24 (June 2021). It is unclear whether the district court relied on the economic waste doctrine or on Makarios's general burden as counter-plaintiff and landlord when it declined to award damages for the freight elevator, plumbing on the upper floors, and air conditioning on the third floor.

We reverse and remand for the district court to clarify its ruling as to those three line-items, but we affirm in all other respects.

ECF 445 at 9-10; 2022 WL 2643376 at *3.

Finally, there remains the matter of attorney's fees and costs, both before the district court and on appeal. Before this Court, Makarios seeks attorney's fees in the amount of $2,532,804, other professional fees in the amount of $638,789, and costs in the amount of $150,377, for a total of $3,321,970. ECF 383. Also, Ross, arguing that *it* partially prevailed in the district court, seeks attorney's fees and costs in the amount of $4,905,000. ECF 388. In addition, the Ninth Circuit transferred to this Court Makarios's petition for attorney's fees for prevailing on appeal. ECF 458. Makarios seeks $381,303 for its appellate fees and costs.

## DISCUSSION

### A.  RULING ON REMAND

On further consideration after remand, the Court believes that its earlier analysis regarding Oregon's economic waste doctrine should be applied to Makarios's "hard cost" claims of $450,000 to install a second freight elevator, $340,000 to repair the plumbing on the upper

floors, and $274,420 to repair the air conditioning on the third floor.[1] In addition, Makarios

presented persuasive evidence at trial supporting Makarios's "general contractor costs" of 31.5

percent of hard costs plus additional "soft costs" of 16 percent of hard costs. *See* ECF 354

at 16-17 (Findings of Fact and Conclusions of Law at Phase II, ¶¶10-11); *see also* ECF 453 at 2.

Accordingly, the Court awards Makarios an additional $1,570,020 in damages for these

expenses.[2]

## B.  CROSS MOTIONS FOR ATTORNEY'S FEES BEFORE THE DISTRICT COURT

### 1.  Standards

#### a.  Generally

"In an action where a federal district court exercises subject matter jurisdiction over a

state law claim, so long as state law does not contradict a valid federal statute, state law denying

the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the

state, should be followed." *Avery v. First Resol. Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th

Cir. 2009) (citation and quotation marks omitted). Under Oregon law, a prevailing party shall

recover reasonable attorney's fees and costs incurred in enforcing the provisions of a contract

when the contract so requires. Or. Rev. Stat. § 20.096(1). That subsection provides:

> In any action or suit in which a claim is made based on a contract
> that specifically provides that attorney fees and costs incurred to

---

[1] As this Court previously explained: "Here, Makarios (as Counterclaim-Plaintiff) came forward with one of the measures of damages, namely the cost of repair, restoration, and separation. The burden then shifted to Ross to present evidence of the other measure of damages (diminution of value, *i.e*, the difference between the value of the Richmond Building as it is and what it would have been worth if it had Ross performed its end-of-lease obligations). Because Ross did not produce that evidence, Ross cannot receive the benefit of the economic waste doctrine." ECF 354, at 40 (Findings of Fact and Conclusions of Law at Phase II).

[2] If Makarios continues to seek prejudgment interest on this additional award, the parties have leave, after conferring further, to brief whether prejudgment interest should be allowed on this additional award and, if so, the appropriate rate and total amount of prejudgment interest.

> enforce the provisions of the contract shall be awarded to one of
> the parties, the party that prevails on the claim shall be entitled to
> reasonable attorney fees in addition to costs and disbursements,
> without regard to whether the prevailing party is the party specified
> in the contract and without regard to whether the prevailing party
> is a party to the contract.

*Id.*

After concluding that a prevailing party shall recover reasonable attorney's fees, a court applying Oregon law must consider the specific factors set forth in Or. Rev. Stat. § 20.075 to determine the amount of attorney's fees to be awarded. The specific factors set forth in Or. Rev. Stat. § 20.075(1) are:

> (a)    The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> (b)    The objective reasonableness of the claims and defenses asserted by the parties.
>
> (c)    The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> (d)    The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
>
> (e)    The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>
> (f)    The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
>
> (g)    The amount that the court has awarded as a prevailing party fee under [Or. Rev. Stat. §] 20.190.
>
> (h)    Such other factors as the court may consider appropriate under the circumstances of the case.

Or. Rev. Stat. § 20.075(1).[3] After considering these eight factors, Or. Rev. Stat. § 20.075(2)

directs the court to consider the following additional eight factors:

> (a)     The time and labor required in the proceeding, the novelty
> and difficulty of the questions involved in the proceeding and the
> skill needed to properly perform the legal services.
>
> (b)     The likelihood, if apparent to the client, that the acceptance
> of the particular employment by the attorney would preclude the
> attorney from taking other cases.
>
> (c)     The fee customarily charged in the locality for similar legal
> services.
>
> (d)     The amount involved in the controversy and the results
> obtained.
>
> (e)     The time limitations imposed by the client or the
> circumstances of the case.
>
> (f)     The nature and length of the attorney's professional
> relationship with the client.
>
> (g)     The experience, reputation and ability of the attorney
> performing the services.
>
> (h)     Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075(2). Oregon law further provides that when analyzing these factors, a

court should "includ[e] in its order a brief description or citation to the factor or factors on which

it relies." *McCarthy v. Or. Freeze Dry, Inc*., 327 Or. 185, 190-91 (1998). The court, however,

"ordinarily has no obligation to make findings on statutory criteria that play no role in the court's

decision." *Frakes v. Nay*, 254 Or. App. 236, 255 (2012).

---

[3] Under subsection (1), these factors are to be first considered in determining whether to
award fees "in any case in which an award of attorney fees is authorized by statute and in which
the court has *discretion* to decide whether to award attorney fees." Or. Rev. Stat. § 20.075(1)
(emphasis added). In addition, in any case in which an award of fees is authorized or required,
the court shall consider the factors specified in subsection (1) as well as the factors specified in
subsection (2) "in determining the amount of an award of attorney fees in those cases." Or. Rev.
Stat. § 20.075(2).

Under Or. Rev. Stat. § 20.075(2), factor (a) generally relates to the reasonableness of the number of hours expended by counsel for the prevailing party, factors (c) and (g) generally relate to the reasonableness of the hourly rates charged, and factor (d) generally informs whether an upward or downward adjustment might be appropriate. Taken together, these factors are comparable to what is often referred to as the "lodestar" method for calculating a reasonable attorney's fee. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (holding that the lodestar method yields a presumptively reasonable fee, subject to either upward or downward adjustment as appropriate); *see also Strawn v. Farmers Ins. Co. of Or.*, 353 Or. 210, 221 (2013) ("The lodestar approach that the parties have used is at least a permissible one under the statutes involved," including Or. Rev. Stat. § 20.075); *ZRZ Realty Co. v. Beneficial Fire & Cas. Ins. Co.*, 255 Or. App. 525, 554 (2013) ("The lodestar method that the trial court used is a commonly applied and permissible approach for determining the reasonableness of a fee award . . . .").

### b.  Cases Presenting Multiple Claims

In a case presenting multiple claims, whether a party is a prevailing party is determined on a claim-by-claim basis. Or. Rev. Stat. § 20.077(1). A party is entitled to reasonable attorney's fees when the party obtained a "favorable judgment" on a claim that authorizes the fee recovery. Or. Rev. Stat. § 20.077(2). When determining prevailing party fees on a claim-by-claim basis, a court shall:

>    (a)    Identify each party that prevails on a claim for which attorney fees could be awarded;
>
>    (b)    Decide whether to award attorney fees on claims for which the court is authorized to award attorney fees, and the amount of the award;
>
>    (c)    Decide the amount of the award of attorney fees on claims for which the court is required to award attorney fees; and

(d)    Enter a judgment that complies with the requirements of [Or. Rev. Stat. §] 18.038 and 18.042.

*Id*.

### 2.  Application

#### a.  Determining the Prevailing Party

In the first step in a multi-claim case, identifying the prevailing party, the trial court must consider on a claim-by-claim basis which party received a "favorable judgment." *Beggs v. Hart*, 221 Or. App. 528, 537-38 (2008) (stating that when a claim is based on a contract that requires an award of attorney fees, the court does not have discretion to decline to identify the prevailing party and award attorney's fees to that party); *see also 16th Grp., LLC v. Lynch Mech. Constr., LLC*, 265 Or. App. 217, 219 (2014) ("Under the terms of the lease agreement, the trial court was required to award attorney fees to the 'prevailing party' and, thus, had no discretion to refuse to do so."). Further, when determining which party is the prevailing party on a claim, a court must weigh "what was sought by each party against the result obtained." *Beggs v. Hart*, 221 Or. App. at 537-38.

This is not a case in which both parties sought affirmative relief from the other. Ross never asserted any claim for money damages against Makarios for breach of lease. In Phase I, Ross only asserted one claim, seeking declaratory relief in the form of obtaining approval for its end-of-lease plans. *See* ECF 1. As noted, the Court did not approve Ross's plans and entered judgment on behalf of Makarios. The Court also enter judgment in favor of Makarios on its counterclaims. Accordingly, Makarios is the prevailing part on all claims.

### b. Determining the Appropriate Fee Award

At the trial level, Markarios seeks an award of $2,532,804 in attorney's fee, $638,789 for other professional and expert fees, and $150,377 in costs. ECF 383. The Court first considers the factors stated in Or. Rev. Stat. § 20.075(1).

It does not appear that any party engaged in conduct that was reckless, willful, malicious, in bad faith, or illegal. Regarding the objective reasonableness of the claims and defenses asserted by the parties, neither side asserted an objectively unreasonable position. Further, there is no need to consider the effect that a fee award in this case might have in deterring others either from asserting good faith claims or defenses in similar cases or from asserting meritless claims and defenses. In addition, the parties and their counsel were objectively reasonable and diligent both in the conduct of the litigation and in pursuing settlement.

The Court next considers the factors stated in Or. Rev. Stat. § 20.075(2). The Court has considered the time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding, and the skill needed properly to perform the legal services. The Court finds that the hourly rates charged by the professionals in this case to be reasonable based on their experience, reputation, and ability.[4]

The Court also has considered the results obtained. Although Ross did not lose on all arguments it presented, it largely did not prevail. Similarly, although Makarios did not prevail on all arguments it presented, it largely succeeded in what it sought to accomplish. The Court, however, finds that the time spent by all parties in their extensive briefing to be somewhat excessive. Accordingly, to reflect the fact that Makarios did not succeed on all points and, on occasion, spent more time on some issues than was necessary, the Court will exercise its

---

[4] The other factors in Or. Rev. Stat. § 20.075(2) that are not expressly discussed are not particularly relevant or helpful to the fee analysis in this case.

discretion to impose a ten percent "haircut" on Makarios's requested fee award. *See Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (stating that a district court may "impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation.") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)). Accordingly, the Court awards Markarios $2,989,773 in reasonable attorney's fees, other professional and expert fees, and costs, incurred before the district court.

## C.  MAKARIOS'S MOTION FOR ATTORNEY'S FEES ON APPEAL

For prevailing on appeal, Makarios seeks attorney's fees in the initial amount of $307,655, as shown in its opening fee petition (Case No. 21-35106; Dkt. 55-1), plus an additional $73,648 for time and related expert expenses incurred in preparing its appellate fee petition and reply (Case No. 21-35106; Dkt. 64-1), for a total award of $381,303 for appellate fees and costs. The Court applies the same analysis to Markarios's motion for attorney's fees on appeal and reaches the same result, although without applying a ten percent haircut. Accordingly, the Court awards Markarios $381,303 for appellate fees and costs.

## CONCLUSION

The Court awards Makarios an additional $1,570,020 in damages for expenses related to installing a second freight elevator, repairing the plumbing on the upper floors, and repairing the air conditioning on the third floor. The Court also awards Markarios $2,989,773 in reasonable attorney's fees, other professional and expert fees, and costs, incurred at the district court. Finally, the Court awards Makarios $381,303 for appellate fees and costs. These three awards total $4,941,096 in favor of Makarios and against Ross. The Court GRANTS Makarios's motion for attorney's fees (ECF 383) to the extent stated in this Order and DENIES Ross's motion for attorney's fees (ECF 388).

**IT IS SO ORDERED**.

DATED this 29th day of September, 2023.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge